59272, 59273. NATIONAL COUNCIL ON COMPENSATION INSURANCE v. CALDWELL (two cases).

BIRDSONG, Judge.

The sole question presented by this appeal is whether the Fulton Superior Court erred in dismissing the appellant's "Petition for Judicial Review" of the insurance commissioner's order setting workers' compensation insurance rates. The question, which is one not heretofore tested, arises because, after finding that the commissioner's order (which denied the 20.7% increase in workers' compensation insurance premium rates sought by appellants and approved a 6.9% increase instead) "constitutes the exercise of the proper legislative rate-setting function," the trial court was persuaded by the holdings in *Ga. Power Co. v. Allied Chem. Corp.,* 233 Ga. 558 (212 SE2d 628), and *Ga. Power Co. v. Ga. Public Service Commission,* 231 Ga. 339 (201 SE2d 423), that it had jurisdiction to review the insurance commissioner's order "only through an original equitable action alleging a constitutional infirmity in the order."

Both parties, in innovatively expansive argument, have extrapolated the Supreme Court holdings re utility rate-making by the Public Service Commission, to the process of workers' compensation insurance rate-making under Code § 114-609. In 1975, a few months before the Public Service Commission was legislatively made subject to the Administrative Procedure Act (see

Code § 3A-102), the Supreme Court held in *Ga. Power Co. v. Allied Chem. Corp.,* supra, pp. 560-561, that "[t]here is no statutory nor common law right *in a Georgia consumer* to obtain judicial review of . . . a rate order made by the Public Service Commission . . . [because] . . . the legislature expressly exempted the [PSC] from the terms of the [Georgia Administrative Procedure Act containing a statutory judicial review procedure]. Code Ann. §§ 3A-120 and 3A-102." (Emphasis supplied.) Further, the court held, "There being no adequate remedy at law, any judicial remedy must be in equity." P. 561, fn. 4. That decision (and its predecessor, *Ga. Power Co. v. Ga. Public Service Commission,* supra, which arose from a petition in equity by the utility) is the basis for the trial court's ruling in the case sub judice that it had jurisdiction to review the *insurance commissioner's* order only through an original equitable action alleging a constitutional infirmity.

We find the application of those cases here to be error. The Supreme Court, in holding as it did in *Allied Chem. Corp.,* supra, pp. 560-561, addressed only the unique posture of the *utility consumer* with regard to standing to obtain judicial review of a Public Service Commission rate order. The utility consumer's posture would seem to remain unique. Nevertheless, we cannot be certain of the stature which the Supreme Court will give the holding in reference to non-consumer appeals, or even to consumer appeals, in view of the subsequent enactments expressly making the Public Service Commission subject to the Administrative Procedure Act (Code Ann. § 3A-102 (a) and Editorial Notes; Acts 1975, p. 404, Sec. 1; see also Code §§ 3A-115 and 3A-120; and see especially, Code § 93-307.2 (i), Acts 1979, p. 1312, eff. April 17, 1979). Moreover, we are not at all convinced that all of the policy considerations enunciated in *Allied Chem. Corp.,* supra, and *Ga. Public Service Commission,* supra, with regard to *utility* rate-making ought to be equally applied to the establishment of workers' compensation insurance premium rates under Code § 114-609. Nor, especially, are we persuaded that the standing or status of the *utility consumer* ought to be compared to and imposed on the standing or status of the *petitioning party* in a workers' compensation insurance rate case, which party is to provide the insurance at the rate set.

In any event, and even extrapolating the principles announced in *Ga. Power Co. v. Allied Chem. Corp.,* supra, pp. 560-564, we find and hold that there *is* a "statutory . . . right . . . to obtain judicial review" of the order of the insurance commissioner determining the workers' compensation insurance rates under Code § 114-609.

Quite simply, the enabling statute by which the insurance commissioner is empowered to determine workers' compensation

insurance rates, provides by its own terms that "any party at interest may appeal from any decision of the insurance commissioner, made under this section, in the manner provided by law." (Code § 114-609). The "manner [of judicial review] provided by law" is not, as appellant suggests, found in the insurance code at Code §§ 56-226 and 56-227; the rate hearing before the insurance commissioner was rightly held pursuant to authority of Code § 114-609, and pursuant to Code § 3A-114, and not pursuant to the insurance code provisions at Code § 56-218. The is so because the workers' compensation insurance rate-making function (although performed by the insurance commissioner) is not "within the scope of" Title 56 (Code § 56-218 (1)), but is within the scope of Title 114, Workers' Compensation. The "manner [of judicial review] provided by law," in consequence of the fact that decisions of the insurance commissioner are subject to the Administrative Procedure Act (Code § 3A-102 (a)), is found in the Administrative Procedure Act at Code § 3A-120.

Despite any seeming legislative vagueness as to whether a rate-making proceeding under Code § 114-609 is a "contested case," that is, one "in which the legal rights, duties and privileges of a party are *required by law to be determined by an agency after an opportunity for hearing"* (Code § 3A-102 (b) (emphasis supplied); and see Code §§ 3A-114 and 3A-120), it cannot be gainsaid that where "any party at interest" may obtain a judicial review of a workers' compensation insurance rate decision by the insurance commissioner, as expressly provided in Code § 114-609, the case is by nature contested. Nor can it be denied that the appellant here, who sought the 20.7% insurance rate increase and who will provide the insurance at the rate set, is a "party at interest." The "standing to challenge" the administrative decision is what is intended to be established by the requirement in Code § 3A-120 that the judicial review be of a "contested case"; and that is what is meant to be described by the language at Code § 3A-102 (b). So, too the "standing to challenge" is the fulcrum from which the Supreme Court in *Allied Chem. Corp.,* supra, pp. 560-561, 564, held in early 1975 that without a "statutory . . . or common law right . . . to obtain judicial review," the only remedy for the utility consumer must be in equity on a "legal interest standing" based on constitutional infirmity in the decision. In this instance, the act which empowers the insurance commissioner to make the rate decision (Code § 114-609) expressly grants standing, and right, to obtain judicial review; and decisions of the insurance commissioner (Code § 3A-102 (a)), "including . . . rate-making" (Code § 3A-102 (b), and see Code § 3A-120) are subject to judicial review under the Administrative Procedure Act. We

therefore do not think the appellant's petition for judicial review should have been dismissed by the trial court. Moreover, we do not think that the standards for review set forth at Code § 3A-120 (h), properly applied, "transfer to courts powers which, under the Constitution" (and under Code § 114-609), belong to the insurance commissioner nor do they usurp the commissioner's function to tell him how he should discharge his task and how he should protect the various interests which are deemed to be in his, not the court's keeping. See Federal Power Commission v. Natural Gas Pipeline Co., 315 U. S. 575, 601, 610 (62 SC 736, 86 LE 1037); *Ga. Power Co. v. Allied Chem. Corp.*, supra, p. 567.

*Judgment reversed and remanded for further proceeding in accordance with Code § 3A-120. Deen, C. J., and Sognier, J., concur.*

ARGUED JANUARY 14, 1980 — DECIDED MAY 6, 1980.

*Edward W. Killorin, Nathaniel G. Slaughter, III,* for appellant.

*Arthur K. Bolton, Attorney General, Carl C. Jones, Assistant Attorney General,* for appellee.